# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

_____

**No. 96-20414**
**Summary Calendar**

_____

**HOUSTON LIGHTING & POWER COMPANY,**

**Plaintiff-Appellee,**

**versus**

**INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS,**

**Defendant-Appellant.**

_____

**Appeal from the United States District Court**
**for the Southern District of Texas**
**(CA-H-94-4362)**

_____

January 13, 1997

Before JONES, DeMOSS, AND PARKER, Circuit Judges.

PER CURIAM:[*]

Appellant International Brotherhood of Electrical Workers (the "Union") appeals

the decision of the district court granting summary judgment in favor of appellee Houston

Lighting & Power Company (the "Company") in a dispute stemming from an arbitrator's award in

favor of the Union. Finding no error below, we affirm the judgment of the district court.

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

**BACKGROUND**

In 1992, the Company[1] conducted a reduction in force which resulted in the discharge of several hundred workers, including Larry Walker, a member of the Union and a mechanic working for the Company. As an exercise of the Company's management rights under the collective bargaining agreement ("Agreement"), the Company was entitled to evaluate its employees prior to its reduction in force. In so doing, the Company conducted skill assessments which ranked all of its employees based on ability, skill, and qualifications. Pursuant to these rankings, employees were categorized as either "above average," "average," or "marginal." The reduction in force was performed by first discharging employees who had received a "marginal" rating in order of reverse seniority. The next employees to be discharged were employees who received an "average" rating, again in order of inverse seniority, followed by employees who received an "above average" rating in inverse seniority. This was done until the requisite number of discharges for the reduction in force was achieved.

Walker was given a "marginal" rating. He was discharged. The Union filed a grievance on his behalf.[2] In its grievance, the Union complained that the Company had violated the seniority provision of the Agreement by retaining employees who had less seniority than Walker while discharging Walker.

---

[1]Utility Fuels, Inc. ("UFI") and HL&P are former subsidiaries of Houston Industries, Inc. In the fall of 1993, UFI merged into HL&P. We will refer to UFI and HL&P collectively as the "Company."

[2]The Union also filed a grievance on behalf of Sam Thornal. The similar facts of Thornal's case are set forth in *Houston Lighting & Power Co. v. International Bhd. of Elec. Workers, Local Union No. 66,* 71 F.3d 179 (5th Cir. 1995). Several of the issues decided by this court in Thornal's case are dispositive of issues presented in the instant appeal.

Pursuant to the terms of the Agreement, the Union's grievance was submitted to arbitration. In considering the parties' dispute, the arbitrator concluded that the Company had improperly given Walker a "marginal" rating and that doing so "constituted unreasonable discrimination against [Walker]." R.44. Immediately after quoting Justice Stewart's now well known statement in *Jacobellis v. State of Ohio*[3], the arbitrator stated that "the discrimination practices against [Walker] was (sic) so palpable that it (sic) cannot be overlooked or excused." R.44. The arbitrator proceeded to award judgment in favor of the Union and ordered that Walker receive back pay and reinstatement.

The Company filed suit in district court seeking to set aside the arbitrator's award. The district court granted the Company's motion for summary judgment. The Union now appeals.

## DISCUSSION

We review a district court's grant of summary judgment vacating an arbitration award *de novo. See Houston Lighting & Power Co. v. International Bhd. of Elec. Workers, Local Union No. 66,* 71 F.3d 179, 181 (5th Cir. 1995), *cert. denied,* ___ U.S. ___, 117 S.Ct. 52 (1996). "When an arbitrator exceeds his authority, vacation of the judgment is appropriate." *Id.* at 182 (citing *United States Postal Serv. v. American Postal Workers Union,* 922 F.2d 256, 258 (5th Cir. 1991)).

The Union claims that the arbitrator did not exceed his authority when he determined that the Company had improperly rated Walker. This precise issue has been addressed

---

[3]378 U.S. 184, 197, 84 S.Ct. 1676, 1683 (1964) (Stewart, J., concurring) (he may not be able to define what pornography is, but he knows what it is when he sees it).

by this circuit in a dispute between the same parties under the same Agreement concerning an arbitrator's award in favor of discharged employee, Sam Thornal. *See Houston Lighting & Power Co.* (hereinafter "*Thornal*").[4] In *Thornal,* as here, the arbitrator had concluded that the Company had incorrectly rated the discharged employee. Relying on the language of the Agreement which provides that "[t]he Company shall determine ability, skill and qualifications, subject to an employee's right to assert a grievance," the Union argued in *Thornal,* as it does here, that the arbitrator was well within the authority granted to him under the Agreement to re-determine an employee's rating. This court disagreed:

> The phrase "subject to an employee's right to assert a grievance" does not mean that the Company loses its right to make the qualification determination once an employee asserts a grievance. That phrase does not confer upon the arbitrator the right to make a *de novo* determination of the employee's qualifications. . . [N]othing in the Article II, Section I definition of "a grievance" can be rationally interpreted to include the concept that a grievance includes a claim that an employee has been unfairly or incorrectly evaluated for lay off. . . . *The right to make the ultimate determination remains with the Company.*
>
> . . . *The Company has the exclusive right to make the employee qualification determinations. Nowhere in the Agreement does it state that redetermination shall be made by the arbitrator.*

*Thornal,* 71 F.3d at 184 (emphasis added). It is clear from *Thornal* that the arbitrator did not have the authority to substitute its own rating of Walker for the Company's rating of Walker.

The court in *Thornal* also stated:

> The phrase "subject to an employee's right to assert a grievance" means that the employee may assert one or both of two contentions: (1) first he may assert that the system and procedures used by the Company in evaluating an employee's

---

[4]Although the Union complains that *Thornal* was decided incorrectly, this panel does not have the authority to overrule a prior controlling decision of this circuit. *See Sierra Club v. Shell Oil Co.,* 817 F.2d 1169, 1175 (5th Cir.), *cert. denied,* 484 U.S. 985 (1987). We are bound by this court's decision in *Thornal.*

ability, skill and qualifications were inconsistent with the terms of the Agreement or were an improper application of the Agreement; and/or (2) secondly, he may assert that the Company discriminated against him *because of race, color, religion, sex, or national origin in the evaluation process.*

*Id.* at 184 (emphasis added). Therefore, in considering Walker's grievance, the arbitrator had the authority to consider (1) whether the Company's ranking of Walker was inconsistent with the terms of the Agreement and/or (2) whether the Company had discriminated against Walker. With regard to whether the Company's ranking was inconsistent with the terms of the Agreement, the arbitrator concluded that the ranking was not inconsistent with the terms of the Agreement and stated that the Company "did not violate the Collective Bargaining Agreement when it utilized the [ranking] procedure in conducting the reduction in force." R.59.

However, in considering whether the Company had discriminated against Walker, the arbitrator stated that Walker's "marginal" rating was a result of "unreasonable discrimination." R.44. Implying that he could not define exactly what kind of discrimination occurred, the arbitrator merely concluded that "the discrimination practiced against [Walker] was so palpable that it cannot be overlooked or excused." R.44.

As the district court stated, "It takes more than a vague feeling that discrimination occurred for the award to draw from the essence of the [Agreement]. If the arbitrator is unable to define the form of discrimination, then he has exceeded the authority granted him by the [Agreement]." There is no evidence in the record that Walker was discriminated against based on race, color, religion, sex, or national origin. Neither is there evidence that Walker was discriminated against based on his Union activities. In fact, the arbitrator found that "there was no evidence that [Walker's] rating was reduced because of his Union position and protective activities." R.45.

5

**CONCLUSION**

As was the case in *Thornal,* by performing his own re-evaluation, the arbitrator went beyond the scope of his authority and beyond the essence of the Agreement. For the foregoing reasons, we AFFIRM the judgment of the district court.